RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 27 2015



(1) THE DNA TESTING BE CONDUCTED IN A TIMELY AND EFFICIENT MANNER UNDER LABORATORY ACCREDITED UNDER 411.0205 GOVERNMENT CODE. UNDER REASONABLE CONDITIONS DESIGNED TO PROTECT THE INTEGRITY OF THE EVIDENCE AND THE TESTING PROCESS, DNA TESTING PHYGHAIRIFIC TESTING EMPLOYEE(A) SCIENTIFIC METHODS SUFFICIENT RELIABLE AND RELEVANT TO BE ADMISSIBLE UNDER 702, TEXAS RULE OF EVIDENCE. RESULT OF TESTING AN ALL DATA RELATED TO THE TESTING REQUIRED FOR AN EVALUATION OF THE RESULT BE, J. IMMEDIATELY FILED WITH THE COURT AND COPIES DATA BE SERVED ON THE CONVICTED PERSON EDWARD J MCKENZIE OFFICER NO/A SERVE ON THE CONVICTION PERSON AND NO/A ATTORNEY RE PRESENTING THE STATE(C) THE CONVICTING COURT NOT LATER THAN 30TH DAY AFTER THE CONCLUSION OF PROCEEDING UNDER THIS CHAPTER SHALL FORWARD AND THE RESULT OCTO DEPARTMENT OF PUBLIC SAFETY. THE THAT VICTIM TESTIFIED THAT SHE (OR HE) KNEW APPELLANT AND INDENTIFIED HIS ATTACKE ER IS IRRELEVANT TO WHETHER IT SHOWS THAT EXCULPATORY DNA TESTING WOULD PROVE HIS INNOCENCE THE LANGUAGE LEGISLATIVE HISTORY OF ART 64.03(A) PARZA V. STATE 177, 3 W3D 926, 927 (TEX CRIM APP2005

from considering the absence of a comparison sample when conducting its analysis under Art. 64.03 (a)(2)(A) Art. 64.05 Appeals

To transportation to) procure an abatement of federal proceeding to) file each 64 motion despite the fact or evidence that the Metropolitan transportation authority MVTA, chairman no fact or evidence was presented at the by judge approximately Aug 25 15. The fact that he Edward now contends that DNA testing would provide him with crucial exp exculpating evidence Smith v. State 165 S.W.3d 361,365 Tex crim app 2005) because the trial court took judicial notice of the trial record when he ruled on the motion and the facts were included on the records the trial court had not enough evidence to determine by a preponderance of evidence that favorable DNA results would have prevented Smith's Edward conviction the cause is remanded to the trial court order DNA testing under art 64.03 c. Bell v. State 89 S.W.3d 55-57-59 (Tex. Crim App 2002) nothing in art 64.03 requires a hearing of any sort concerning the trial courts determination of whether a defendant (s) entitled to DNA testing. Boi biological containing- existence of evidence in case 144495. Failed to evidence. Erroneously convicted

HOWEVER, HAVE THE POWER (TO) DISSMISS (A) CASE WITHOUT (THE) STATE'S CONSENT UNDER CCC PIAR - UNDER ART. 32.01 [CCP] ART. 28.061, WHICH BARS FURTHER PROSECUTION FOR A DISCHARGED 28.061, WHICH BARS FURTHER PROSECUTION FOR A DISCHARGES OFFENSE. NO LONGER APPLIES TO A DISCHARGE UNDER ART. 32.01. THE HABEAS COURT SHOULD CONSIDER AMONG OTHER THING THE LENGTH OF THE DELAY THE STATE'S REASON FOR DELAY - WHETHER THE DELAY WAS DUE TO LACK DILIGENCE ON THE PARTY OF THE STATE AND WHETHER THE DELAY CAUSED HARM (TO) THE ACCUSED ANOTHER RELEVANT INQUIRY IS WHETHER THE GRAND JURY HAS VOTED NOT TO PRESENT AN INDICTMENT AT. 529. By ADOPTED THIS TEST WE ARE NOT ADDING CONSTITUTIONAL SPEEDY-TRIAL RIGHT TO ART-32.01 - WE ARE ADOPTING A TEST FOR A FACT - BASED SITUATION CAMERON V. STATE 988 S.W.2D 835 - 843. (TEX APP - SAN ANTONIO, 1999 PET - REF'D) [A] DEFENDANT CAN'T - COMPLAIN OF THE TIMELINESS OF A SECOND (OR) OTHER INDICTMENT UNDER ART) 32.01, ONCE A VALID AND TIMELINESS PURPOSES WE HOLD THAT ART 32.01 IS SATISFIED ONCE THE STATE SECURES (A) TIMELY INDICTMENT ARISING OUT - OF THE SAME CRIMINAL TRANSACTION (OR) OCCURRENCE SUFFERS (NO) DUE PROCESS VIOLATION IS HE CONTINUE

UNDER A VALID INDICTMENT, ALTHOUGH IT IS NOT INDICTMENT HE WAS ULTIMATELY PROSECUTED AND CONVICTED, FOR SO LONG AS THE INDICTMENT ARISES OUT OF THE SAME CRIMINAL TRANSA TRANSACTION (OR) OCCURRENCE ARTICLE 32.01. SHOULD NOT BE READ TO PRECLUDE THE STATE FROM ADVANCING ALTERNATIVE THEORIES (OR) CHARGES ARISING OUT OF THE SAME CRIMINAL TRANSACTION ONCE THE STATE HAS ACTED WITHIN THE TIMETABLE PRESCRIBED BY ART— WITHIN BY ART 32.01. IS INITIALLY SECURING A TIMELY INDICTMENT. IF THE STATE IS— DILATORY (IN) PROSECUTING THE CASE THE DEFENDANT MAY INVOKE HIS SPEEDY TRIAL RIGHTS— SODERMAN V. STATE, 915 S.W.2D 605 (681 608) TEX APP HOUSTON [14TH DISTRIB, 1996, PET REF'D] THIS PROVISION APPLIES ONLY TO DISTRICT COURT, ABSENT ANY MAN GUDGE (IN) THE STATUTE (OR) CASES HOW (O) SUPPORTING APPLYING THIS PROVISION TO COUNTY COURTS WE ARE WITHOUT AUTH OR (TO) (DO) SO. ART 32.02 DISSIMISSAL BY STATES ATTORNEY BY PERMISSION OF THE COURT. DISMISS (A) CRIMINAL ACTION AT ANY TIME UPON FILING (A) WRITTEN STATEMENT WITH THE PAPER IN CASE, SETTING OUT HIS REASON FOR SUCH DISMISSAL WITHOUT THE CONSENT OF THE PRESIDING JUDGE IN CORPORATED



ART. 64.05 APPEAL AN APPEAL UNDER THIS CHAPTER IS TO A COURT OF APPEAL IN THE SAME MANNER AS ANY OTHER CRIMINAL MATTER THAT THE PERSON WOULD NOT HAVE BEEN CONVICTED. DIRECT APPEAL ART. 64. 03. RQ REQUIREMENTS TESTING A CONVICTING COURT MAY FORENSIC DNA TEST S A CONVICTING COURT MAY ORDER FORENSIC DNA TESTING UNDER THIS CHAPTER 64. MOTION 64.01. 64.03. THE EVIDENCE (1) HAS BEEN SUBJECT ED TO A CHAIN OF CUSTODY INSUFFICIENT TO ESTABLISH THAT IT HAS NOT BEEN SUBSTITUTED TAMPERED WITH, REPLACED OR ALTERED IN ANY MATERIAL RESPECT. THE CONVICTED PERSON ESTABLISH ES BY A PREPONDERANCE OF THE EVIDENCE (A) PERSON WOULD NOT HAVE BEEN CONVICTED IF EXCUL PUNATORY RESULTS HAD OBTAINED THROUGH DNA TESTING. THE REQUEST FOR PROPOSED DNA TESTING IS NOT MADE TO UNREASONABLY DELAY THE EXECUTION OF SENTENCE OR ADMINISTRATION OF JUSTICE OBSTRUCTION OF JUSTICE THE DEPARTMENT OF PUBLIC SAFETY AND CONVICTING COURT IS PROHI BITED FROM FINDING THAT IDENTITY WAS NOT AN ISSUE IN THE CASE SOLELY ON THE BASIS OF THAT PLEA ADMISSION(S) APPLICATION OF THE CONVICTING CONVICTING COURT FINDS IN THE AFFIRM ATIVE THE PERSON MEET THE REQUIREMENTS (A) THE COURT SHALL ORDER THAT THE REQUESTED FORENSIC DNA TESTING CONDUCT BY A LABOR ATORY OPERATORY UNDER A CONTRACT WITH THE DEPARTMENT OF PUBLIC SAFETY 411.0 05

Appellant claim that his failure to file the motion CDNA testing NOVA Metrophiton Transportation officer corporation on civil on criminal business civil change no change of venue from general public business corporation to civil on criminal justice punichment is his impersonement. Frosty was excused by dependency of his federal application for habeas corpus on motion he assert that habeas corpus proceeding unlike a state application cannot by itself result in result in relief from a conviction or sentence it is simply a obtaining a certain type of evidence which might then be used in a state or federal habeas corpus proceeding. moreover appellant does not assert the that he made any attempt to attacke undercover nova metrophiton transportation authority. whether a dual filing would be permitted such as seeking leave from federal court to file a 64 motion appellant does not allege that deciedward attempted to attack officer nova evidence no evidence no cameras no phone no board-dash video camera no service home monitoring comras in vehicle car, metrophiton transp

EX-PARTE, COUNTRYMAN 226 S.W.3D-435, 436 TEX-CRIM APP 2007. BECAUSE THE STATE HAD NOTE OBTAINED AN INDICTMENT BY THE NEXT OF COURT, APPELLANT FILED AN APPLICATION FOR WRIT, OF HABEAS CORPUS TO HAVE THE CASE DISMISSED, AFTER APPELLANT FILED THE APPLICATION BUT BEFORE TRIAL COURT-HELD A HEARING THE GRAND JURY-RETURNED AN INDICTMENT—THE TRIAL COURT DENIED THE APPLICATION, AND APPEALED, THE COURT OF APPEAL REVERSED THE TRIAL COURT DENYING HABEAS RELIEF AND ORDER THAT THE INDICTMENT BE DIMISSED. WE GRANT ED THE STATE PETITION FOR DISCRETIONARY REVIEW TO DETERMINE WHETHER (A) SPEEDY INDICTMENT CLAIM IS MOOT WHEN IT IS FILED BEFORE THE INDICTMENT, BUT (NOT) HEARD UNTILE AFTER THE INDICTMENT IS RETURNED HELD THE COURT OF APPEAL ERRED THE CLAIM WAS MOOT BECAUSE EVEN A DETERMINATION THAT THE STATE DIDNOT SHOW GOOD CAUSE WOULD NOT PROVIDE A REMEDY TO APPELLATE EXPARTE SEIDEH 37 S.W.3D 22, 22, 223 24 (TEX. CRIM APP SCC)

GENERALLY (A) TRIAL COURT DOESNOT HAVE NOT-POWER TO DISMISS (A) CASE UNLESS THE PROSECUTER (SO) REQUEST—A TRIAL

PEN /38.03' RESISTING ARREST, SEARCH
OR TRANSPORTATION PREVENTS (OR) OBSTRUCTS
A PERSON HE KNOWS IS (A) PEACE OFFICER
UNDERCOVER METROPOLITAN TRANSPORTATION
OFFICIAL NOVA OR A PERSON ACTING IN (A)
PEACE OFFICER PRESENCE AT HIS DIRECTION
FROM EFFECTING AN ARREST, SEARCH MY BACK
METROPOLITAN TRANSPORTATION HOUSTON OF THE
PEACE NOVA ONE OTHER SIMMONS BY USING
FORCE AGAINST ME EDWARD J MSKENZIE-104056
45439465 # 20155 563.TDCJ. THE PEACE OFFICER
OR ANOTHER BY USING FORCE AGAINST THE
PEASE OFFICER (OR) ANOTHER PEN 38.123. UNAT-
HORIZED PRACTICE OF LAW. PEN/38.122 FALSELY
HOLDING ONE SELF OUT AS A LAWYER. IF WITH
INTENT (TO) OBTAIN (AN) ECONOMIC BENEFIT
FOR HIMSELF (OR) HERSELF THE PERSON HOLDS
UNLESS (HE OR) SHE IS CURRENTLY LICENSED
TO PRACTICE LAW IN THIS STATE/ANOTHERS STATE
STANDING CULTH STATE BAR OF TEXAS STATE BAR
OR LICENSING AUTHORITY OF ANY AND ALL
OTHER STATES WHERE FOREIGN LICENSING
AUTHORITY. BLACKROCK V. STATE 235 S.W.2.D.231
-233 (TEX-CRIM.APP.2007) IT SHOWS THAT EXCUL-
PATORY DNA TEST WOULD PROVE HIS INNOCE-
NCE. THIS APPLIES EVEN WHEN A DE-RULE
701 TEXAS RULES OF EVIDENCE DNA TESTING
THE RESULTS THE TEST- PHLYGRAPHIE TEST